UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMIL ALPERIN; et al., | No. 08-16060 |
| Plaintiffs - Appellants, | D.C. No. 99-cv-04941-MMC |
| v. | Northern District of California, San Francisco |
| VATICAN BANK, aka Institute of Religious Works aka Instituto per le Opere Di Religione (IOR, | ORDER |
| Defendant - Appellee. | |

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

The panel has elected to amend the memorandum disposition, filed on December 29, 2009. With the amendment, the petition for panel rehearing and rehearing en banc is DENIED. No further petitions for rehearing or rehearing en banc may be filed.

Section II of the Memorandum Disposition, is deleted in its entirety, with the following inserted in lieu thereof:

II

The district court did not err in holding that the international takings exception does not apply to remove FSIA immunity. Where the defendant sovereign succeeds in "establish[ing] a prima facie case of immunity, the burden of

production shifts to the plaintiff to offer evidence that an exception applies."

*Phaneuf*, 106 F.3d at 307.

FSIA's international taking exception provides that:

A foreign state shall not be immune from the jurisdiction of the courts of the United States . . . in any case . . . (3) in which rights in property taken in violation of international law are in issue and [1] that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or [2] that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.

28 U.S.C. § 1605(a).

The takings exception requires plaintiffs to plead that either the expropriated property or property exchanged for the expropriated property has a jurisdictional nexus to the United States. The Complaint must contain allegations as to the *current status* of the expropriated property or property exchanged for such property; either an allegation that such property is currently present in the United States or an allegation that such property, although perhaps not located in the United States, is currently owned or operated by an agency or instrumentality of the foreign state.

2

Alperin does not allege that the expropriated property or property exchanged such property is currently in the United States. While we recognize that it could be difficult to prove that fungible articles, such as the gold alleged to have been taken in this case, are currently present in the United States, Alperin does not even make such an allegation in the pleadings. Therefore, assuming without deciding that the first clause of § 1605(a) applies to both foreign states and their instrumentalities,[1] jurisdiction cannot be established under the first clause.

Nor has jurisdiction been established under the second prong of § 1605(a)(3). Alperin does not allege that the IOR *currently* owns or operates the expropriated property or any property exchanged for the expropriated property. The Complaint alleges that the defendants (in this multi-defendant case) laundered, converted, and retained a "significant portion" of the property illegally expropriated by the Ustasha regime; it does not allege that this portion included property illegally taken from the Alperin plaintiffs. Assuming it did, the Complaint alleges only that Alperin's property was *in the past* laundered, converted, and retained by the IOR; it makes no allegation as to the *current*

_____

[1]*Cf. Garb v. Republic of Poland*, 440 F.3d 579 (2d Cir. 2006) (suggesting that the first clause of the international takings exception applies to foreign states, while the second applies to their agencies and instrumentalities). *But see* 28 U.S.C. § 1603(a) ("A 'foreign state' . . . includes . . . an agency or instrumentality of a foreign state . . . .").

3

location of that property or property exchanged for that property.[2]  Because Alperin

makes no allegation as to the current status of the expropriated property or property

exchanged therefore, jurisdiction has not been established under the second prong

of § 1605(a)(3).

---

[2]Indeed, the Complaint suggests that the expropriated property or property exchanged for such property is not currently owned or operated by the IOR, as most of it was held by the IOR before being sent on to Swiss banks.  *See, e.g.*, Compl. ¶ 159.